FILED - GR
May 31, 2011 4:14 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc / ___ SCANNED BY: /___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD PATTERSON,

    Plaintiff,

v.

1:11-cv-566
Paul L. Maloney, Chief Judge
U.S. District Judge

AFNI, INC.,

    Defendant.

_____/

**Complaint**

**I. Introduction**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II. Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III. Parties**

3. Plaintiff Floyd Patterson is a natural person residing in Kent County, Michigan. Mr. Patterson is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Patterson is a "consumer," "debtor" and "person" as the terms are defined and/or used in the

1

MOC.

4. Defendant Afni, Inc. ("Afni") is an Illinois corporation, with a mailing address of 404 Brock Drive, P.O. Box 3427, Bloomington, Illinois 61702-3427. The registered agent for Afni in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Afni uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Afni regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Afni is a "debt collector" as the term is defined and used in the FDCPA. Afni is licensed (No. 2401001721) by the State of Michigan to collect consumer debts in Michigan. Afni is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

### IV. Facts

5. Mr. Patterson had a credit account (No. 6164525550715) with AT&T which he used to obtain used to obtain telephone goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. Mr. Patterson had a dispute with AT&T regarding his account. Mr. Patterson refused to pay the alleged debt.

7. Mr. Patterson continues to dispute the alleged debt.

8. Mr. Patterson continues to refuse to pay the alleged debt.

9. AT&T hired Afni to collect the alleged debt from Mr. Patterson.

10. Alternatively, Afni purchased the account and related alleged debt after the debt allegedly was delinquent.

11. Afni is the business of purchasing consumer debts, typically paying less than ten cents on the dollar, and then attempting to collect the alleged debts, intending to make a profit.

12. Afni also is in the business of collecting consumer debts for third parties, such as AT&T.

13. Many of the alleged consumer debts that Afni attempts to collect are too small to justify filing a lawsuit to collect the debt. Accordingly, Afni regularly reports information regarding the small debts to the consumer reporting agencies, using credit reporting as a collection tool to harm the consumer's credit in efforts to coerce payment of the alleged debt.

14. Credit reporting constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); *Ditty v. CheckRite, Ltd.,* 973 F.Supp. 1320, 1331 (D.Utah 1997).

15. By letter dated April 5, 2011, Afni wrote Mr. Patterson. The letter stated that Mr. Patterson owed $175.98 to AT&T. The letter stated that Mr. Patterson's AT&T account had been placed with Afni for collection. The letter threatened that Afni may report information about the account to the credit bureaus. The letter demanded payment. The letter invited Mr. Patterson to call Afni's toll free telephone number to discuss the matter.

16. On or about May 13, 2011, Mr. Patterson spoke by telephone with an Afni employee who identified herself as Lisa. The Afni employee stated that AT&T had hired Afni in February 2011 to collect the debt from Mr. Patterson. The Afni employee stated that the debt had been delinquent since 2006. Mr. Patterson repeatedly stated that he was calling to dispute

the debt. Mr. Patterson repeatedly stated that the next time Afni communicated with AT&T regarding the debt, Afni should communicate to AT&T that Mr. Patterson disputed the debt. Mr. Patterson repeatedly stated that he did not want to receive any more communications from Afni regarding the debt and that he would communicated directly with AT&T regarding the disputed debt. In response, the Afni employee made the following representations:

    a)    If the debt is valid, then Mr. Patterson cannot dispute the debt.

    b)    The debt was pending on Mr. Patterson's credit report.

    c)    Mr. Patterson was required to pay the debt if he wanted to make Afni stop contacting him.

    d)    To dispute the debt, Mr. Patterson was required to provide Afni with a reason for his dispute.

    e)    To dispute the debt, Mr. Patterson was required to send a letter to Afni, stating the reasons for his dispute.

    f)    The only thing Mr. Patterson could do to make Afni stop contacting him would be to pay the debt.

    g)    Afni in its future communications with AT&T regarding the account would not communicate to AT&T that Mr. Patterson was disputing the account unless Mr. Patterson sent a letter to Afni stating that he disputed the account and providing the reasons why he disputed the account.

    h)    Afni could not communicate to AT&T that Mr. Patterson was attempting to orally dispute the debt because it doesn't work like that. Rather, to dispute the debt, Mr. Patterson was required to send a letter to Afni stating that he disputed the debt.

i) Unless Mr. Patterson were to dispute the debt in writing, Afni would automatically assume the debt is valid, even though Mr. Patterson had stated orally that he disputed the debt.

j) Mr. Patterson did not follow the dispute process, so the debt is valid.

k) Despite Mr. Patterson's repeated statements that he disputed the debt and wanted Afni to cease communicating with him, the employee would (falsely) note that Mr. Patterson was refusing to pay the debt and that Mr. Patterson wanted to leave the account in active collections.

l) Mr. Patterson could not just say that he is disputing the debt. Rather, Mr. Patterson was required to follow through by sending a dispute letter to Afni. Without sending a dispute letter to Afni, the debt is valid.

m) The employee would be leaving the account in active collections and the debt is valid.

n) As long as Mr. Patterson failed to send a dispute letter to Afni, the debt remains valid.

o) Afni would communicate to the credit bureaus that Mr. Patterson was disputing the debt, only if Mr. Patterson sent a letter to Afni stating that he disputed the debt.

p) Mr. Patterson no longer had the choice of dealing directly with AT&T regarding the account and would have to deal with Afni.

17. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002);

(*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

18. The Afni employee falsely stated to Mr. Patterson that if the debt is valid, then Mr. Patterson cannot dispute the debt.

19. The Afni employee falsely stated to Mr. Patterson that to dispute the debt, Mr. Patterson was required to provide Afni with a reason for his dispute.

20. The Afni employee falsely stated to Mr. Patterson that to dispute the debt, Mr. Patterson was required to send a letter to Afni, stating the reasons for his dispute.

21. The Afni employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA and Michigan law.

22. The Afni employee made false statements regarding Mr. Patterson's rights to dispute the debt, violating the FDCPA and Michigan law.

23. The FDCPA states that the failure of a consumer to dispute the validity of a debt

6

may not be construed by any court as an admission of liability by the consumer. 15 U.S.C. § 1692g(c).

24. The Afni employee falsely stated to Mr. Patterson that unless Mr. Patterson were to dispute the debt in writing, Afni would automatically assume the debt is valid, even though Mr. Patterson had stated orally that he disputed the debt.

25. The Afni employee falsely stated to Mr. Patterson that Mr. Patterson did not follow the dispute process, so the debt is valid.

26. The Afni employee falsely stated to Mr. Patterson that Mr. Patterson could not just say that he is disputing the debt. Rather, Mr. Patterson was required to follow through by sending a dispute letter to Afni, and that without sending a dispute letter to Afni, the debt is valid.

27. The FDCPA states that a debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

28. The Afni employee wrongfully stated to Mr. Patterson that Afni would communicate to the credit bureaus that Mr. Patterson was disputing the debt, only if Mr. Patterson sent a letter to Afni stating that he disputed the debt.

29. The Afni employee wrongfully stated to Mr. Patterson that Afni in its future communications with AT&T regarding the account would not communicate to AT&T that Mr. Patterson was disputing the account unless Mr. Patterson sent a letter to Afni stating that he disputed the account and providing the reasons why he disputed the account, violating the

FDCPA and Michigan law.

30. The Afni employee wrongfully stated to Mr. Patterson that Afni could not communicate to AT&T that Mr. Patterson was attempting to orally dispute the debt because it doesn't work like that, and that to dispute the debt, Mr. Patterson was required to send a letter to Afni stating that he disputed the debt. These wrongful statements by Afni violated the FDCPA and Michigan law.

31. The Afni employee falsely stated multiple times to Mr. Patterson that the debt was pending on Mr. Patterson's credit report.

32. Afni violated the FDCPA and Michigan law when the Afni employee falsely stated to Mr. Patterson that the debt currently was pending on Mr. Patterson's consumer report. *Shields v. Merchants & Medical Credit Corporation, Inc.,* 2010 WL 2613086 (E.D. Mich., June 28, 2010).

33. The FDCPA states that if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

34. The FDCPA states that if the debt collector know the consumer is represented by an attorney with respect to a debt and has knowledge of, or can readily ascertain, such attorney's name and address, the debt collector shall not communicate directly with the consumer with respect to the debt. 15 U.S.C. § 1692c(a)(2).

35. The Afni employee falsely stated to Mr. Patterson that Mr. Patterson was required to pay the debt if he wanted to make Afni stop contacting him.

36. The Afni employee falsely stated to Mr. Patterson that the only thing Mr. Patterson could do to make Afni stop contacting him would be to pay the debt.

37. The Afni employee wrongfully stated to Mr. Patterson that despite Mr. Patterson's repeated statements that he disputed the debt and wanted Afni to cease communicating with him, the employee would (falsely) note that Mr. Patterson was refusing to pay the debt and that Mr. Patterson wanted to leave the account in active collections.

38. The Afni employee falsely stated to Mr. Patterson that Mr. Patterson no longer had the choice of dealing directly with AT&T regarding the account and would have to deal with Afni.

39. The Afni employee intended to speak the words she spoke to Mr. Patterson.

40. The acts and omissions of Afni and its employee done in connection with efforts to collect a debt from Mr. Patterson were done intentionally and wilfully.

41. Afni and its employee intentionally and wilfully violated the FDCPA and MOC.

42. As an actual and proximate result of the acts and omissions of Afni and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

## V.     Claims for Relief

### Count 1– Fair Debt Collection Practices Act

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692c;

b) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

c) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

d) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

e) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

45. Plaintiff incorporates the foregoing paragraphs by reference.

46. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication

9

  with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

c)  Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

d)  Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to M.C.L. § 339.916(2);

b)  Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)  Statutory damages pursuant to M.C.L. § 339.916(2); and

d)  Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: May 31, 2011

               _____
               Phillip C. Rogers (P34356)
               Attorney for Plaintiff
               40 Pearl Street, N.W., Suite 336
               Grand Rapids, Michigan 49503-3026
               (616) 776-1176
               ConsumerLawyer@aol.com